IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

Pineapple Willy's, Inc.,
a Florida Corporation,

     Plaintiff,

v.                                                                    Case No:  5:17-cv-164

Vinny's Clothing Company, LLC,
a Georgia Limited Liability Company, and
Douglas Northrup, an individual,
Defendants.

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff Pineapple Willy's, Inc. ("Pineapple Willy's"), a Florida

Corporation, by and through its undersigned attorneys files this Verified Complaint

and Demand for Jury Trial, and alleges as follows:

## NATURE OF THE ACTION

     1.     By this action, Plaintiff Pineapple Willy's seek to enforce a range of

rights including: (a) trademark rights relating to that certain stylized,

anthropomorphic pineapple head, examples of which are included in **Exhibit

A**, attached hereto (the "Willy's Pineapple Head"), as it has been used since at

least 1996 in connection with restaurant and bar services, retail, and

entertainment services including arcade and photo booth services, live music

performances and related services (the "Willy Services") and on clothing,

mugs, sunglasses, hats, and shot glasses (the "Willy Goods"), as well as other

related services and goods, and (b) copyrights in the Willy's Pineapple Head line art; Plaintiff Pineapple Willy's also asks the court to rule in its favor with regard to unfair competition by Defendants, as well as dilution of Plaintiff's famous Willy's Pineapple Head mark. With regard to its trademark, Plaintiff has established extensive use of, and fame in the Willy's Pineapple Head within the state of Florida, across the United States, and on an international scale. Since first commencing use of the Willy's Pineapple Head mark, the mark has never fallen abandoned.

2.     Plaintiff Pineapple Willy's seeks relief arising from use by Defendants of images that are identical or virtually identical to, and which infringe on, the Willy's Pineapple Head mark.  Defendants' infringement span across various contexts in connection with Defendants' offering of various retail goods containing the mark (the "Infringing Goods") as well as retail sales services (the "Infringing Services").

3.     More particularly, Plaintiff Pineapple Willy's seeks to obtain permanent injunctive relief against Defendants, and damages, for trademark infringement in violation of Section 1114 of the Trademark Act of the United States, 15 U.S.C. §1114; for Copyright Infringement under the Copyright Act; for unfair competition and false designations of origin in violation of Section 1125(a) of the Trademark Act of the United States, 15 U.S.C. §1125(a); for

2

violations of the Florida Anti-Dilution Statute; and for related acts of unfair competition and trademark infringement actionable under the common law of the United States and the State of Florida.

4.    Granting the injunctive relief requested herein will serve the public interest because it is the only way to bar Defendants' use of Plaintiff's intellectual property and infringement of Plaintiff's rights, as well as Defendants' causing actual confusion in the tourism industry and actions which are likely to cause confusion among the general public. Consumers and businesses who recognize and know Plaintiff's Willy's Pineapple Head mark and who rely on their recognition and knowledge of same to make decisions about their purchasing choices, together with those they recommend to, are at risk of being deceived into purchasing and/or obtaining goods provided by Defendants under the mistaken belief that Defendants are selling a genuine Pineapple Willy's item, or operating a genuine Pineapple Willy's retail outlet, as a result of mistakenly believing that the Defendants' imitations are licensed or made by and/ or operated by or pursuant to a license from Plaintiff.

5.    Granting the injunctive relief requested will serve the public interest by preventing consumer confusion and risking serious damage to Plaintiff's reputation, brand and rights.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 (Lanham Act), the copyright infringement claim under 17 U.S.C. §101, et seq., (the Copyright Act), 28 U.S.C. §1338(a) (actions arising under an Act of Congress relating to copyrights), 28 U.S.C. §1331 (federal question), 28 U.S.C §1338 (patent trademark and copyright), and pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

7.    Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and (c).

8.    Jurisdiction is proper in this Court by Florida Statute §86.011.

9.    Venue is appropriate in this Court based on Defendants' contacts with the forum.

## THE PARTIES

10.    Plaintiff Pineapple Willy's, Inc., is a Florida corporation, organized and existing under the laws of the State of Florida, having its principal place of business at 9875 S Thomas Dr., Panama City Beach, FL, 32408.

11.    Upon information and belief, Defendant Vinny's Clothing Company, LLC ("Vinny's") is a Georgia limited liability company that was formed in December of 2016, with its principal place of business at 3536 13th Ave., Columbus, GA, 31904, that regularly conducts business through the internet in

the forum and has taken other action to subject it to the jurisdiction of this Court.

12.    Upon information and belief, Defendant Douglas Northrup is a principal of Defendant Vinny's and, in that capacity, regularly conducts business through the internet in the forum and is otherwise within the jurisdiction of this Court and has taken other action to subject him to the jurisdiction of this Court.

## BACKGROUND

13.    More than thirty years ago, William Buskell, better known as "Pineapple Willy", purchased a restaurant that was then known as the Pier 99 lounge.  In 1984, he changed its name to Pineapple Willy's and introduced the now signature rum drink, the Pineapple Willy.

14.    In addition to being a businessman, Mr. Buskell is an artist and, in the early 1990s, he conceptualized the Willy's Pineapple Head and contracted another artist to finalize the Willy's Pineapple Head drawing.

15.    In 1996, at the direction of Mr. Buskell, Plaintiff Pineapple Willy's began using the Willy's Pineapple Head as the logo in connection with the Willy Services and on the Willy Goods.

16.    Given the expanding popularity of Pineapple Willy's throughout the 1990s, Pineapple Willy's began selling tee-shirts with the Willy's Pineapple

Head printed on them.  These shirts are sold in a gift shop located at the restaurant and online.

17.    Since the late 1990s, the Willy's Pineapple Head has been used extensively on signage, in advertising (including billboards, magazine, rack cards, newspapers and social media), and in product branding (including rib buckets, daiquiri cups, menus and other items) in connection with the promotion and advertising of the Willy Services and Willy Goods, and in support of the goodwill associated with the Willy Services and Willy Goods.

18.    Each year, hundreds of thousands of visitors from throughout the United States and the world travel to Panama City Beach and many of them visit Pineapple Willy's.

19.    Each year, approximately 31,000 Willy's Pineapple Head tee-shirts are sold in the Pineapple Willy's shop or online, in addition to other memorabilia containing the Willy's Pineapple Head.

20.    Including the Willy's Pineapple Head tee-shirts that were sold, almost 57,000 items featuring the Willy's Pineapple Head were sold last year.

21.    Last year alone, Pineapple Willy's had more than 750,000 visits to its website.  The Willy's Pineapple Head is prominently featured on Pineapple Willy's webpage and on its Facebook page.

22.    Pineapple Willy's runs two continuous livestreams of activities on the beach via beach cameras; the content that is livestreamed by and from Pineapple Willy's includes the Willy's Pineapple Head logo mark.

23.    More than 200,000 cups and approximately 50,000 buckets of ribs featuring Willy's Pineapple Head are sold each year.

24.    In the early 2000s, increasing demand for tee-shirts with the Willy's Pineapple Head printed on them eventually prompted one person affiliated with Pineapple Willy's to obtain a license to print all of the tee-shirts for Pineapple Willy's at the printing shop that he opened specifically to print Pineapple Willy's shirts.

25.    Since at least 2005, the Willy's Pineapple Head has been and continues to be printed on Willy's Goods, including various promotional products and memorabilia – including keychains, stickers, coffee mugs, shot glasses, hats, name tags, postcards, and other various products.

## **The Willy's Pineapple Head Registrations**

26.    Pineapple Willy's is the owner of all rights and interest in the Willy's Pineapple Head mark for clothing, retail store services, restaurant services, bar services and entertainment services.  Examples of the use of the Willy's Pineapple Head mark are included in **Exhibit** A, attached hereto.

27.    Pineapple Willy's has filed an application to register the Willy's Pineapple Head mark with the United States Patent and Trademark office ("USPTO").  A copy of the USPTO application is attached hereto as **Exhibit A**.

28.    Pineapple Willy's has also filed an application to register the Willy's Pineapple Head with the United States Copyright Office (filing number 4517333961).  The Copyright Office has confirmed that the Plaintiff's application to register the copyright in Willy's Pineapple Head has been approved and the copyright was registered on June 16, 2017.

## Defendants' Infringing Conduct

29.    Defendants are infringing on Plaintiff's intellectual property rights in the Willy's Pineapple Head by using a stylized, anthropomorphic pineapple head, which they have deemed as "Vinny"' it is essentially a replica of the Willy's Pineapple Head (the "Infringing Mark"). Defendants are using the Infringing Mark on tee-shirts, hats, hoodies, and other items offered for sale by Vinny's and by offering, advertising and promoting such Infringing Goods on the webpage for Defendant Vinny's and on the Facebook pages for Defendant Vinny's and Defendant Northrup.  The Infringing Mark is also otherwise used extensively on the webpage for Defendant Vinny's and on the Facebook pages for Defendant Vinny's and Defendant Northrup.  All such use was done without

the consent or permission of Plaintiff, and against Plaintiff's objections and demonstrations of its rights in and to the Willy's Pineapple Head logo mark.

30.    The Infringing Goods are essentially identical in terms of their characteristics, purpose and use, if not in terms of quality or fitness, in comparison to the Willy Goods; the retail store services that comprise the Infringing Services are further identical in concept, purpose and theme to the Willy Services.  An example of Defendants' Infringing Goods is contained in **Exhibit B**, attached hereto.  In addition, Pineapple Willy's promotes a sense of appreciation for the coastal lifestyle and target consumers who enjoy it. Similarly, Defendants are apparently attempting to capitalize on this same concept and promote its Infringing Goods to the same pool of potential and possibly actual consumers.

31.    The Infringing Goods are offered, adverted and promoted on the webpage for Defendant Vinny's and on the Facebook pages for Defendant Vinny's and Defendant Northrup.

32.    Upon information and belief, Defendants offered and continue to offer the Infringing Goods with the intent to trade on Plaintiff Pineapple Willy's good name, as well as assume, trade on and usurp the reputation and goodwill engendered in the Willy's Pineapple Head, Willy Goods and Willy Services.

33.    Upon information and belief, such infringing conduct by Defendants began as early as the spring of 2016.

34.    On May 17, 2016, Defendant Northrup filed an intent to use application with the USPTO to register the Infringing Mark.  See **Exhibit C**.

35.    In a subsequently filed Statement of Use that Defendant Northrup filed in connection with his application to register the Infringing Mark with the USPTO, Defendant Northrup lists June 6, 2016 as the date of the first date of use of the Infringing Mark.  The Infringing Mark was registered on June 20, 2017.

36.    On June 20, 2017, Plaintiff filed a petition with the Trademark Trial and Appeal Board ("TTAB") of the USPTO seeking cancellation of the registration of the Infringing Mark (reference number ESTTA828286).

37.    On March 3, 2017, Plaintiff demanded via written correspondence that Defendants stop their infringing use of the Willy's Pineapple Head.  A copy of such correspondence is attached hereto as **Exhibit D**.

38.    Despite such demand, Defendants have failed, and refused, to cease their infringing use of the Willy's Pineapple Head and have continued to use the Infringing Mark to this date.

39.    Defendants infringing conduct is likely to create confusion and deceive consumers into believing the Defendants' Infringing Goods are

associated with or are in some way sponsored, endorsed, licensed, or otherwise authorized or connected with Plaintiff Pineapple Willy's.

40.    Such likely confusion will irreparably harm and damage Plaintiff Pineapple Willy's because it has no control over the nature of quality of the goods or services provided or produced by Defendants, and because individuals and those in the trade may believe the Defendants goods are connected with, licensed by or otherwise authorized by Plaintiff.

41.    Dependents' Infringing Conduct is likely to lead to dilution of the distinctive and famous Willy's Pineapple Head mark.

42.    Defendants' Infringing Goods are marketed directly to consumers located or visiting in the state of Florida and throughout the south, as well as online, such that Defendants' Infringing Goods are marketed across the United States and around the world.

43.    Therefore, Defendants and Plaintiff are operating and competing for customers in the same market area.

44.    Defendant's infringing conduct is knowing, willful, and intentional and was undertaken in bad faith with the intention to unfairly trade on the goodwill and fame of Plaintiff Pineapple Willy's.

45.    Defendants' infringing conduct constitutes an ongoing threat to Plaintiff and the public.  Defendants have shown by their conduct that they are

willing to continue use of the Infringing Mark even after being advised of such infringement.

46.    Unless Defendants are immediately and continuously restrained and enjoying from engaging in the infringing actions described herein, Plaintiff will continue to suffer irreparable injury.   Defendants will not be unlawfully or unfairly harmed because no party has the right to infringe on a third party's mark; thus, being barred from violating trademark and copyright laws and other federal and state unfair competition laws, or having to cease engaging in perpetrating a fraud on the public, is not considered a harm when experienced by an infringer.

47.    Plaintiff was the first to use the Willy's Pineapple Head mark in the state of Florida and United States, specifically, in the same market in which Defendants seek to operate.

48.    The Willy's Pineapple Head mark is distinctive and valid and Plaintiff Pineapple Willy's ownership of said mark has been and is valid.

49.    Defendants' use of the Infringing Mark is likely to confuse consumers.

## COUNT I

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

50.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-49 as if fully set forth fully herein.

51.     Defendants have engaged and continue to engage in infringement of the Willy's Pineapple Head.

52.     Defendants' use of the Infringing Mark has been without the permission, consent or authorization of Plaintiff.

53.     Defendants' unauthorized use of the Infringing Mark is likely to cause confusion as to the source, origin, sponsorship or affiliation of Defendants' business.

54.     Defendants' unauthorized use of the Willy's Pineapple Head logo mark falsely designates the origin of Defendants' services, and falsely and misleadingly describes and represents facts with respect to Defendants and their goods.

55.     Defendants' unauthorized use of the Willy's Pineapple Head logo mark removes from Plaintiff the ability to control the nature and quality of products and services provided under the Willy's Pineapple Head mark, and places the valuable reputation and goodwill of Pineapple Willy's in the hands of Defendants, over whom Plaintiff has no control and who has already shown its willingness to continue to infringe on the Plaintiff's Willy's Pineapple Head.

56.    Defendants' unauthorized use of the Infringing Mark is likely to cause confusion with Plaintiff's Willy's Pineapple Head mark, in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and constitutes the sale of goods or services bearing a false designation of origin.  No federal registration is required in connection with claims of trademark infringement under 15 U.S.C. §1125(a).

57.    Upon information and belief, Defendants were aware of Plaintiff ownership and rights regarding prior use of the Willy's Pineapple Head mark in advance of Defendants' adoption of the Infringing Mark for use in connection with the Infringing Goods and, in fact, continued to engage in its use of their Infringing Mark subsequent to being informed by Plaintiff of the infringements. As such, Defendants' use of the Infringing Mark constitutes willful infringement.

58.    Plaintiff has been damaged by Defendants' acts complained of herein, in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff's goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

59.    Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using the infringing mark or otherwise unfairly

competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with its Willy's Pineapple Head mark. Money damages may not adequately compensate Plaintiff from damage to its reputation and associated goodwill through the false and unauthorized use by Defendants of the infringing mark.

60.    WHEREFORE, Plaintiff demand a judgment against Defendants for damages it suffered, including all court costs, reasonable attorney fees, damages for violation of section 1125(a) of the Lanham Act, and any such other relief as the Court deems just and proper.

## Count II

## Trademark Dilution Under 15 U.S.C. §1125(c)

61.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-49 as if fully set forth fully herein.

62.    Based on Plaintiff Pineapple Willy's use, publishing, advertising, marketing and general popularity of its restaurant, live entertainment and wearing apparel shows, the Willy's Pineapple Head mark has acquired fame such that the public associates the Willy's Pineapple Head mark with the entertainment, live music, restaurant and wearing appraisal of Plaintiff Pineapple Willy's.

63.    Willy's Pineapple Head is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

64.    Willy's Pineapple Head was famous years before Defendants misappropriated said mark for use in commerce in connection with its Infringing Goods.

65.    Plaintiff has neither authorized nor licensed Defendants' use of any mark similar to, much less identical to, the Willy's Pineapple Head mark.

66.    Defendants' adoption and commercial use of its infringing mark was undertaken knowingly and willfully.

67.    By reason of the foregoing, Defendants have engaged in and are continuing to engage in acts causing damage to Plaintiff by diluting the distinctive quality of Plaintiffs' Willy's Pineapple Head Mark in violation of Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)), and such actions by Defendants continued to damage Plaintiff.

68.    Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using the infringing mark or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with its Willy's Pineapple Head mark. Money damages may not adequately compensate Plaintiff from damage to its

reputation and associated goodwill through the false and unauthorized use by Defendants of the infringing mark.

69.    WHEREFORE, Plaintiff demands a judgment against Defendants for damages it suffered, including all court costs, reasonable attorney fees, damages for violation of section 1125(c) of the Lanham Act, and any such other relief as the Court deems just and proper.

## Count III

## <u>Dilution Under Florida Code §495.151</u>

70.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-49, as if fully set forth fully herein.

71.    Plaintiff Pineapple Willy's is the exclusive owner of the distinctive and famous Willy's Pineapple Head mark, which is famous under the requirements of the statute in question.

72.    The famous Willy's Pineapple Head mark is inherently distinctive and has been in use in commerce across many different types of media and on a wide range of goods, and in connection with a wide range of services, namely the Willy Goods and Willy Services.

73.    The Willy's Pineapple Head mark has garnered widespread publicity and public recognition in Florida and elsewhere.

74.     Defendants' use of the Infringing Mark in the marketing, advertising, offering for sale and selling of its Infringing Goods constitutes commercial use in commerce of the famous Willy's Pineapple Head mark. Plaintiff has neither authorized nor licensed this use.

75.     Defendants' use of the famous Willy's Pineapple Head mark in the marketing, advertising, offering for sale and selling of its Infringing Goods actually dilutes, or is likely to dilute, the distinctive quality of the famous Willy's Pineapple Head mark, and to lessen the capacity of the famous Willy's Pineapple Head mark to identify and distinguish Plaintiff Pineapple Willy's goods and services.

76.     Defendants' unlawful use of famous Willy's Pineapple Head mark caused and causes blurring and tarnishment in the minds of the consumers between Plaintiff Pineapple Willy's and Defendants, thereby lessening the value of famous Willy's Pineapple Head mark as a unique identifier of Plaintiff Pineapple Willy's intellectual property.

77.     Upon information and belief, Defendants willfully intended to trade on Plaintiff Pineapple Willy's reputation as developed, managed and produced by Mr. Buskell and Pineapple Willy's.

78.     Upon information and belief, Defendants willfully intended to cause dilution of the Willy's Pineapple Head mark.

79.    By the acts described above, Defendants have intentionally and willfully diluted the distinctive quality of the famous Willy's Pineapple Head mark and thus the acts of Defendants complained of herein constitute dilution of Plaintiff's Willy's Pineapple Head mark in violation of Florida Code §495.151.

80.    Plaintiff Pineapple Willy's has been damaged by Defendants' willful acts companied of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest, resume and/or continue, Plaintiff Pineapple Willy and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

81.    Defendants' actions are in violation of Florida Business and Commerce Code §495.151.

WHEREFORE, Plaintiff Pineapple Willy's demands a judgment against Defendants for damages it has suffered, including all court costs, reasonable attorney fees, damages for violation of section 495.151 of the Florida Business and Commerce Code, and any such other relief as the Court deems just and proper.

## COUNT IV

## **Trademark and Service Mark Infringement**

## **Under Florida Common Law**

82.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-49 as if fully set forth fully herein.

83.    The Willy's Pineapple Head mark is distinctive. Based on Plaintiff's use, publishing, advertising, marketing and promoting the Willy's Pineapple Head mark and general popularity of the Willy's Pineapple Head mark it has acquired secondary meaning so that the public associates the Willy's Pineapple Head mark with Plaintiff Pineapple Willy's live music, restaurant and bar services and retail goods.

84.    Plaintiff has made continuous use of the Willy's Pineapple Head mark since introducing it into U.S. Commerce, including the State of Florida, starting as early as 1996

85.    Defendants have intentionally used the Infringing Mark without Plaintiff's consent or authorization. Defendants' use of the Willy's Pineapple Head mark in connection with the advertising and promotion of its Infringing Goods and in connection with its performance of its Infringing Services is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' Infringing Goods emanates from or originates with Plaintiff Pineapple Willy's or that Plaintiff Pineapple Willy's approves of or sponsors, or otherwise associates itself with Defendants, or

Defendants' Infringing Goods. Such confusion manifests as initial interest confusion and reverse confusion in the trade and the source or sponsorship of the goods, and is likely to lead the public to believe Plaintiff is in some way connected to Defendants and are likely to mislead persons in the ordinary course of viewing or otherwise obtaining the goods of Defendants and induce them to believe they are obtaining genuine goods of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendants the benefits arising therefrom.

86.    Plaintiff Pineapple Willy's has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants' conduct is allowed to manifest resume and/ or continue, Plaintiff Pineapple Willy's and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that may not be adequately calculated and compensated in monetary damages.

87.    The acts of Defendants complained of herein constitute infringement in violation of the common law of the State of Florida.

WHEREFORE, Plaintiff Pineapple Willy's demands a judgment against Defendants for damages it has suffered, including all court costs, reasonable attorney fees, damages for violation of the common law of the State of Florida, and any such other relief as the Court deems just and proper.

## COUNT V

### Unfair Competition Under Florida Common Law

88.    Plaintiff hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1-49 as if fully set forth fully herein.

89.    By making unauthorized use in commerce of the Infringing Marks, Defendants are likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Plaintiff Pineapple Willy's and as to the sponsorship or approval of Defendants' Infringing Goods by Plaintiff Pineapple Willy's.

90.    The parties are competing in a similar pool for customers.

91.    Defendants' marketing, advertising, offering for sale and provision of its Infringing Goods cause confusion and mistake, deceives and misleads the purchasing public, trades upon Plaintiff's high-quality reputations, and improperly appropriates to Defendants the valuable goodwill of Plaintiff.

92.    Defendants' marketing, advertising, offering for sale and provision of its Infringing Goods cause confusion and mistake, deceives and misleads the purchasing public, trades upon William Buskell's high quality reputation in connection with his production of the Pineapple Willy's goods and services.

93.    By the acts described above, Defendants have intentionally and willfully infringed Pineapple's Willy's Mark, and deceived consumers into

thinking that they are enjoying goods produced by Plaintiff in violation of Florida common law.

94.    Plaintiff has been damaged by Defendants' acts complained of in an amount to be determined at trial, and if Defendants conduct is allowed to manifest, resume and /or continue, Plaintiff Pineapple Willy's and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

WHEREFORE, Plaintiff, Pineapple Willy's demands a judgment against Defendants for damages it has suffered, including all court costs, reasonable attorney fees, damages for unfair competition under Florida Common Law, and any such other relief as the Court deems just and proper.

## COUNT VI

## <u>Copyright Infringement</u>

95.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-49 as if fully set forth fully herein.

96.    Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act. Plaintiff Pineapple Willy's hold the copyright in and to the Willy's Pineapple Head.

97.    Plaintiff Pineapple Willy's holds a registration for the copyright in the Willy's Pineapple Head.

98.    Defendants knew or had constructive knowledge that their acts in using, modifying, displaying and publicly distributing the Willy's Pineapple Head constituted copyright infringement of the Willy's Pineapple Head.

99.    Defendants' infringement of the Willy's Pineapple Head is ongoing and continuing.

100.    Defendant's conduct was willful within the meaning of the Copyright Act; intentional, and with indifference to the Plaintiff's rights.

101.    Through their conduct averred herein, Defendants have infringed Plaintiff's copyright in the Willy's Pineapple Head in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501.

102.    Plaintiff has been damaged by Defendants' conduct including but not limited to economic and reputation losses. Plaintiff continues to be at risk of damage by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendants' conduct.

103.    Plaintiff hereby reserves the right, pursuant to 17 U.S.C. §504(c), to elect to recover statutory damages for each infringement in lieu of seeking recovery of actual damages.

WHEREFORE, Plaintiff demands a judgment against Defendants for damages it has suffered including all court costs, reasonable attorney fees, damages for violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501, and any such other relief as the Court deems just and proper including all court costs, reasonable attorney fees, damages for unfair competition under Florida common law, and any such other relief as the Court deems just and proper.

## COUNT VII

### Unfair Competition Under Florida Stat. §495.131 and §495.161

104.   Plaintiff incorporates herein each and every allegation set forth in paragraphs 1-49 as if fully set forth herein.

105.   This cause of action is for common law trademark infringement and unfair competition under FLA. STAT. §495.131 and §495.161.

106.   Plaintiff alleges that Defendants have intentionally advertised and offered Defendants' goods an infringing mark and variations thereof that are confusingly similar to Plaintiffs' Pineapple Head so as to confuse and deceive customers, potential customers, the travel and tourism industry, and the community at large, as to the origin and/or affiliation of Defendants' goods, based upon the merit, reputation, and goodwill of Plaintiffs.

107.   Defendants' unauthorized and willful use of Willy's Pineapple Head enables Defendants to compete unfairly with Plaintiff by palming off Defendants' goods as those of Plaintiff's or otherwise competing unfairly, all to Plaintiff's and the public's irreparable damage.

108.   Defendants' acts have irreparably harmed Plaintiff's reputation and damaged Plaintiff's goodwill, and may or have diverted business opportunities from Plaintiff.

109.   Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

110.   Plaintiff has no adequate remedy at law.

111.   Defendants' aforesaid actions are willful, wanton and contumacious and as a result thereof, Plaintiff is entitled to an award of punitive damages and attorney fees in addition to any other relief this Court deems just and proper.

WHEREFORE, Plaintiff Pineapple Willy's demands a judgment against Defendants for damages including all court costs, reasonable attorney fees, damages for Defendants' violations of FLA. STAT. §495.131 and 495.161, and any such other relief as the Court deems just and proper.

## COUNT XI

### **Prayer for Injunctive Relief**

112.    Plaintiff incorporates herein each and every allegation set forth in paragraphs 1-49 as if fully set forth herein.

113.    The Plaintiff is suffering irreparable harm.

114.    The Plaintiff has a clear legal right to the subject trademark and copyright.

115.    Plaintiff has no adequate remedy at law.

116.    The public interest will be served by the issuance of an injunction.

117.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff Pineapple Willy's prays for injunctive relief against Defendants and any such other relief as the Court deems just and proper.

### **JURY DEMAND**

118.    Plaintiff demands a trial by jury on all issues so triable as of right.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

A. For judgment that:

    I.    Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

II.   Defendants have violated Section 43© of the Lanham Act, 15 U.S.C. §1125(c);

III.  Defendants have engaged in unlawful dilution in violation of Florida Code §495.151.

IV.   Defendants have engaged in false advertising under the common law of the State of Florida;

V.    Defendant is engaged in unfair competition under the common law of the State of Florida;

VI.   Defendants have caused dilution to Willy's Pineapple Head mark in violation of the common law of the State of Florida;

VII.  Defendants have violated §495.121 of the Florida Code.

B.  That Defendants, individually and collectively, as well as their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be permanently enjoined:

I.   From using in any manner and on any platform or in any media any name or mark confusingly similar to any of Plaintiff's marks, logos, designs or slogans;

II.  From committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of the

Defendant are licensed, authorized by, or in any way associated with Plaintiff;

III.    From otherwise infringing the Willy's Pineapple Head mark;

IV.    From otherwise unfairly competing with Plaintiff Pineapple Willy's;

V.    From otherwise diluting or tarnishing the Willy's Pineapple Head mark and Plaintiff's business reputations;

VI.    From infringing on Plaintiff Pineapple Willy's copyrights; and

VII.    From registering or holding any registration for any mark containing any design that closely resembles the Willy's Pineapple Head in the State or Florida or in any other state, country or trademark registration office.

C. That Defendants account to Plaintiff for all gains, profits and advantages derived from Defendants' wrongful acts;

D. That Plaintiff recovers from Defendants all of Plaintiff's damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. §1117(a), the Copyright Act and Florida law;

E.  That Defendants be obligated to engage in corrective advertising in newspapers and magazines in Florida and throughout the United States, as well as on the Internet;

F.  That Defendants cancel the trademark registration at Registration No. 5,229,368;

G.  That Plaintiff be awarded all available costs, disbursements and attorneys' fees incurred by Plaintiff in bringing this claim, pursuant to 15 U.S.C. §1117 and Florida law, and actual and punitive damages to the full extent available under common law;

H.  That Plaintiff Pineapple Willy's be awarded all damages sustained in consequence of the trademark filing by Defendant Northrup and for punitive or exemplary damages related thereto.

I.  That the United States Patent and Trademark Office refuse registration of Defendant Northrups pending application for the Infringing Mark design or any similar design, or any mark that is likely to be confused with the trademark formatives described herein; and

J.  Such other and further relief as this Court may deem just and proper.


Respectfully submitted this 22nd day of June 2017.


/s/ *B. Summer Chandler*                    /s/ *Heidi Howard Tandy*
B. Summer Chandler, Esq.                    Heidi Howard Tandy, Esq.
FL Bar No. 112409                           Florida Bar No.  163864
CHANDLER LAW FIRM, LLC                      PRICE BENOWITZ
10713 Front Beach, 1st Floor                1691 Michigan Ave Suite 360
Panama City Beach, Florida 32407            Miami Beach, FL 33139
(850) 238-3310 Phone/Facsimile              (305) 926-2227 Phone
schandler@schandlerlaw.com                  heidi@pricebenowitz.com
Counsel for Plaintiff                       Counsel for Plaintiff

[Verification on the following pages]

## VERIFICATION

I understand that I am swearing or affirming under oath to the truthfulness of the

claims made in this Verified Complaint and the punishment for knowingly making

a false statement includes fines and/or imprisonment.

William Buskell,

as President of Pineapple Willy's, Inc.

STATE OF FLORIDA    )
                    ) SS:
COUNTY OF BAY       )

     I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared William Buskell, as President of Pineapple Willy's, Inc., who is ___X___ personally known to me or _____has produced _____ as identification _____ and has taken oath.

SWORN AND SUBSCRIBED before me this 21ST day of JUNE, 2017.

My Commission Expires: MARCH 16, 2019

(SEAL)

KYLE A. GROSS
MY COMMISSION # FF 210328
EXPIRES: March 16, 2019
Bonded Thru Budget Notary Services

Notary Public, State of Florida: _____
Printed Name of Notary Public: Kyle A. Gross