## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

PINEAPPLE WILLY'S, INC.,
      Pineapple Willy's,

v.

VINNY'S CLOTHING COMPANY,
LLC,

and

DOUGLAS NORTHRUP,
Defendants.

Civil Action No.: 5:17-cv-164-RH-GRJ

## CONSENT ORDER REFLECTING SETTLEMENT

The plaintiff, Pineapple Willy's Inc., filed this action against two

defendants: Vinny's Clothing Company, LLC ("Vinny's") and Douglas Northrup

(collectively with Vinny's "Defendants"). A default judgment consisting of

injunctive relief was entered against Vinny's (ECF #39), however, the action

continued to proceed against Mr. Northrup. Pursuant to the Order of the Court,

dated November 28, 2017 (ECF #54), the parties engaged in mediation. The

parties reached a settlement agreement at that mediation. (ECF #56). As per the

agreement of the parties, Pineapple Willy's has moved for entry of a consent order,

reflecting the terms of the settlement and consisting of an injunction to which Mr.

Northrup and Pineapple Willy's have agreed.

In light of the consent of the parties and the record of this case, the Court finds that Pineapple Willy's motion is due to be **GRANTED**.

**IT IS ORDERED**:

1. This order and injunction binds Mr. Northrup, Vinny's, Chatham Clothing Company ("Chatham"), any other companies with which Mr. Northrup is or ever has been affiliated and the current or former owners, officers, agents, employees, representatives, subsidiaries, successors, assigns, or family members of Mr. Northrup, Vinny's or Chatham, and any persons or entities in active concert or participation with any one or more of Mr. Northrup, Vinny's, or Chatham—who receive actual notice of this order by personal service or otherwise.  The parties enjoined by the Order shall be referred to herein collectively and individually as the "Enjoined Parties."

2. Mr. Northrup shall retrieve from any third party, including the Enjoined Parties, any inventory, product, or other materials distributed to such third parties bearing the Pineapple Head Artwork, the Infringing Mark (as such terms are defined in Plaintiff's Motion for Summary Judgment (ECF #24), or other similar images, illustrative examples of which are found in the filings in this action (collectively, the "Prohibited Artwork").  All such recovered items shall be immediately turned over to Pineapple Willy's.

3. Mr. Northrup shall submit to counsel for Plaintiff and file with this Court a statement, signed under oath, that indicates (a) the total dollar amount in sales of items bearing the Prohibited Artwork and (b) the creation of the Prohibited Artwork, including the source or sources from which Mr. Northrup obtained the Pineapple Head Artwork, (c) the parties to which items bearing the Prohibited Artwork were distributed, (d) identifies the Enjoined Parties in connection with the Prohibited Artwork; and (e) that no license has been granted to third parties with respect to the Prohibited Artwork, all as represented to Plaintiff in the mediation session for this action, it being expressly understood that the representations regarding the foregoing were a material inducement to Plaintiff agreeing to these agreed settlement terms.

4. Mr. Northrup shall cause all Prohibited Artwork in the possession, custody, or control of the Enjoined Parties to be turned over to Pineapple Willy's.

The Enjoined Parties shall not maintain any copies, whether electronic or otherwise, of the Prohibited Artwork.

5. Mr. Northrup shall cause any inventory, product, or materials bearing the Prohibited Artwork that is in the possession, custody, or control of the Enjoined Parties to be turned over to Pineapple Willy's. The Enjoined Parties shall not maintain possession of any such inventory, product, or materials.

6. Mr. Northrup must remove all Prohibited Artwork from the facilities, products, websites, advertising materials, and social-media materials of the Enjoined Parties and must retrieve from any third party, including the Enjoined Parties, all images consisting of or bearing Prohibited Artwork (whether in electronic format or otherwise) distributed to such third parties ("Retrieved Images"). All such Retrieved Images shall be immediately turned over to Pineapple Willy's.

7. The Enjoined Parties shall permanently discontinue use of the names "Chatham Clothing Company" or "Vinny's Clothing Company" and must discontinue any websites, Facebook pages, or social media accounts established or maintained by or on behalf of Vinny's or Chatham.

8. The Enjoined Parties are permanently enjoined and restrained from using any of the Prohibited Artwork or any artwork or mark confusingly similar thereto, whether in connection with the advertising, promotion, the sale of any product or service or otherwise.

9. The Enjoined Parties are permanently enjoined and restrained from operating or doing business under any name or mark that is likely to give the impression that the Enjoined Parties produce any goods or perform any services that are licensed by Pineapple Willy's.

10. The use or display of any name, artwork, or mark by the Enjoined Parties that has the potential of being confused with the name, artwork, or mark of Pineapple Willy's, including without limitation any artwork or mark

consisting of an animated fruit, shall be subject to the approval of Pineapple Willy's.

11. The provision of good or services by the Enjoined Parties that has the potential of being confused with the goods or services provided by Pineapple Willy's, including, without limitation, the sale of clothing, shall be subject to the approval of Pineapple Willy's.

12. Within twenty (20) days of the entry of this Consent Order, Mr. Northrup shall provide to counsel for Pineapple Willy's and file with the Court a written statement made under oath setting forth all of the steps taken by Mr. Northrup to comply with this Consent Order and affirming that he has complied with the terms of the Consent Order (the "Compliance Affidavit").

13. Pineapple Willy's shall have a period of fourteen (14) days from the filing of the Compliance Affidavit to object or otherwise respond to such Compliance Affidavit. In the event no objection or response is filed, the Clerk shall close this case, subject to being reopened as set forth below.

14. The Court shall retain jurisdiction to enforce the terms of this Consent Order. In the event of a violation of the terms of this Consent Order, Pineapple Willy's may move to reopen this case and may continue its action against Mr. Northrup, seek damages as sanctions against Mr. Northrup, or otherwise seek enforcement of the terms of the Consent Order.

15. Any disputes between the parties regarding this Consent Order, the Prohibited Artwork, or the business or other activities of the parties, shall be brought before this Court.  In the event of a dispute between the parties, either party may move to reopen this case to have such dispute resolved by the Court.

SO ORDERED on March 6, 2018.

s/Robert L. Hinkle_____
United States District Judge